NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   20-50292 |
| Plaintiff-Appellee, | D.C. No. 3:19-cr-01997-WQH-1 |
| v. | MEMORANDUM[*] |
| ANGEL RIOS-EDEZA, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
For the Southern District of California
William Q. Hayes, District Court Judge, Presiding

Submitted April 21, 2023[**]
Pasadena, California

Before: WARDLAW and KOH, Circuit Judges, and McMAHON,[***] District
Judge.

Angel Rios-Edeza ("Rios") was convicted of knowing importation of heroin

in violation of 21 U.S.C. § 952 and § 960.  Alleging various errors at trial, he

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Colleen McMahon, United States District Judge for the
Southern District of New York, sitting by designation.

timely appealed.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.  The district court did not plainly err in allowing the prosecution to introduce evidence of the retail price of heroin.  The parties agree that there was no objection to the admission of the retail price of heroin below, so we can reverse only if "there is (1) error that is (2) plain, (3) affects substantial rights, and (4), 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'"  *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011) (quoting *United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009)).

Even assuming the district court erred, the error was not plain.  "An error is plain if it is clear or obvious under current law.  An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results."  *United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015) (quoting *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003)).  Rios admits that "[t]here is no case on all fours" with this one.  Moreover, Rios's proposed holding conflicts with precedent that indicates that the price of illicit drug, including the retail price, is generally admissible.  *See, e.g.*, *United States v. Sanchez-Lopez*, 879 F.2d 541, 555 (9th Cir. 1989) (collecting cases showing that "the price, quantity and quality of the . . .

---

[1]    The parties are familiar with the facts of this case, so we include them only as necessary to resolve the appeal.

2

heroin was highly relevant" to the drug charges); *United States v. Ogbuehi*, 18 F.3d 807, 812 (9th Cir. 1994) (holding that the use of retail, rather than wholesale, value in closing argument of drug courier case was not plain error). Therefore, we cannot find plain error.

2. Further, reviewing the prosecutor's conduct under plain error review, we hold that he did not engage in improper vouching in closing argument or rebuttal. "As a general rule, a prosecutor may not express his opinion of the defendant's guilt . . . ." *United States v. Williams*, 989 F.2d 1061, 1071 (9th Cir. 1993). Under that rule, it is well-established that "[a] prosecutor 'has no business telling the jury his individual impression of the evidence.'" *United States v. Ruiz*, 710 F.3d 1077, 1085 (9th Cir. 2013) (quoting *United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir. 1992)). Rios alleges the prosecutor vouched when, at the start of closing argument, he said: "Ladies and gentleman, at the start of this trial I told you that that this would not be a difficult case, and it is not." But this statement was followed by a detailed list of evidence to substantiate the prosecutor's claim. *See United States v. Young*, 470 U.S. 1, 18–19 (1985) (evaluating improper vouching in the context of statements referencing specific evidence in the record). Thus, read in context, it is clear the prosecutor was not improperly evaluating the case based on undisclosed evidence or his own authority, but, instead, "ask[ing] the jury to exercise its own judgment and determine the plausibility of the defense's

3

explanation [for the crime] in light of the" relevant evidence. *United States v. Doss*, 630 F.3d 1181, 1195 (9th Cir. 2011).

Rios also argues that the prosecutor improperly vouched in rebuttal, in a section where the prosecutor used the phrase "lightning striking twice" to describe the sequence of coincidences necessary to accept Rios's explanation for his conduct. These comments were responses to the defense's argument throughout closing argument that there were other plausible explanations for the events in this case. *See Doss*, 630 F.3d at 1194–95 (finding no misconduct when the government's rebuttal comments served to respond "to the defense's allegations that the government had 'cooked' the case in order to win"). Because "[t]he prosecutor's comments were directed to 'the strength of the defense on the merits,'" not the prosecutor's own knowledge or position, the prosecutor did not engage in vouching under the plain error standard. *Ruiz*, 710 F.3d at 1086 (quoting *United States v. Nobari*, 574 F.3d 1065, 1079 (9th Cir. 2009)).

3. Moreover, the prosecutor did not tell the jury not to deliberate and thus did not commit misconduct under either de novo review or an abuse of discretion standard. Rios argues that his Sixth Amendment rights were undercut when, during rebuttal argument, the prosecutor said:

> If you are thinking to yourself — if you are back there trying to find some way that this all can make sense, all this evidence tied together could somehow make sense, I submit to you that your job is done, because we

4

don't need to prove this beyond a fanciful doubt or Hollywood fictional doubt. It needs to be reasonable doubt.

Read in context, it is clear that the prosecutor was merely highlighting the well-recognized distinction between reasonable and unreasonable doubt. *See, e.g., Victor v. Nebraska*, 511 U.S. 1, 17 (1994) ("A fanciful doubt is not a reasonable doubt."). That does not constitute misconduct.

4. Finally, the prosecutor did not shift the burden of proof, and thus we find no plain error. At the start of rebuttal, the prosecutor asked a series of rhetorical questions that used the phrase: "How do you explain . . . ?" Soon after, the court called the parties to a sidebar and emphasized to the prosecutor that the defendant had "no burden . . . to explain anything." Back before the jury, the prosecutor stated:

> Ladies and gentlemen, let me be clear, the defendant does not have any obligation to put on any proof. He has no obligation to explain everything. The burden of proof is on the government. It has been on the government since the start of this trial. He's an innocent man until we prove beyond a reasonable doubt his guilt.

Even assuming the prosecutor's statements were ambiguous when viewed in isolation, he was clear throughout his closing and rebuttal arguments that the government needed to prove guilt beyond a reasonable doubt. Thus, read in context, his statements do not constitute misconduct. *See United States v. Flores*, 802 F.3d 1028, 1041 (9th Cir. 2015) (finding no misconduct when the government

5

repeatedly stated the correct burden); *United States v. Tucker*, 641 F.3d 1110, 1122 (9th Cir. 2011) (same).

5.  Having found no trial errors, we need not "consider the cumulative effect of non-errors." *Staten v. Davis*, 962 F.3d 487, 499 (9th Cir. 2020).

**AFFIRMED.**